■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WESLEY HERBERT HAGGETT, Appellant.— Order unanimously reversed and matter remitted to Cattaraugus County Court for a hearing in accordance with the Memorandum. Memorandum: Appellant is entitled to a hearing upon the allegation of his petition that he was not represented by counsel at the time of sentence. If petitioner desires to present proof in support of his claim that he was prevented from taking a timely appeal from the judgment of conviction, he should move to amend his petition to allege facts in support of such claim. (Appeal from order of Cattaraugus County Court denying, without a hearing, motion to vacate a judgment of conviction for carnal abuse of a child [a felony] rendered August 10, 1964.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ In the Matter of LOUIS H. MARIANI et al., Members of the Onondaga County Democratic Committee, Appellants, v. GEORGE H. VAN LENGEN, Chairman of the Onondaga County Democratic Committee, et al., Respondents.— Order unanimously affirmed, without costs of this appeal to any party. Memorandum: Prior to the amendment of section 31 of the Election Law in 1913 (then § 194), the certificate of recommendation to be filed with the Board of Supervisors stated that the chairman recommended the named person upon a finding that he was " fit and proper — in my opinion and in the opinion of said committee ". This wording of the certificate was changed (L 1913, ch. 820, § 61) to provide that the recommendation was the " opinion of the majority of said committee pursuant to resolution duly adopted ". It is obvious from this amendment that it was the intention of the Legislature to indicate clearly that it was the committee which is vested with authority to determine whether a nominee is a fit and proper person, with the chairman acting as a purely ministerial officer in executing the certificate. In the case before us it is undisputed that the committee unanimously nominated eight persons whom they found to be " fit and proper " and the chairman was given discretion to select any one of them. This action of the committee was taken after the chairman had frankly indicated his preference for the person he named in the certificate filed with the Board of Supervisors. Furthermore, the petitioners were present at the committee meeting and voted for the resolution. We conclude that their acquiescence in the action taken at the meeting was approval of the selection of the nominee by the chairman, inasmuch as they affirmatively voted in favor of the names submitted to him by the committee. Special Term's order declaring that Ida Benderson is " the duly and legally certified person as determined by the opinion of a majority of the County Committee — as certified to the Board of Supervisors of Onondaga County by formal certificate of the respondent Chairman " and is " in compliance with the Certificate provisions in section 31 of the Election Law " should be affirmed. (Appeal from order of Onondaga Special Term, dismissing the petition and ordering that Ida Benderson is legally certified as Commissioner of Elections.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.